IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KIRK B. MATTHEWS** | * | |
| | * | |
| v. | * | Civil Case No. ELH-13-1720 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

**MEMORANDUM**

On June 18, 2013, this matter was referred to Magistrate Judge Stephanie Gallagher for a Report and Recommendations as to any dispositive motions. ECF 6. After the Commissioner filed a motion for summary judgment, ECF 16, Judge Gallagher issued her Report and Recommendations on April 11, 2014. ECF 18. Plaintiff, Kirk B. Matthews, who is self-represented, did not file any objections to the Report and Recommendations within fourteen days. Therefore, on April 29, 2014, I entered an Order adopting Judge Gallagher's Report and Recommendations and granting the Commissioner's motion for summary judgment. ECF 19.[1]

Mr. Matthews subsequently filed a "Motion to Reopen Case," in which he alleged that he had been provided incorrect information about the procedure for filing objections. ECF 20. On May 21, 2014, I issued an Order permitting Mr. Matthews to submit specific written objections to my Order of April 29, 2014. ECF 21. Mr. Matthews filed his specific written objections on May 27, 2014, ECF 22, which will be considered as a Motion for Reconsideration. The Commissioner filed a response to his objections on June 2, 2014. ECF 23. For the reasons set forth herein, Mr. Matthews's Motion for Reconsideration will be denied.

Mr. Matthews objects to Judge Gallagher's Report and Recommendations on two grounds. First, he argues that Judge Gallagher failed to consider the medical evidence from his

---

[1] Mr. Matthews did not oppose the Commissioner's motion for summary judgment (ECF 16).

doctors at Owensville Primary Care, Inc. ECF 22. Second, he contends that Judge Gallagher failed to consider vocational expert testimony in which, in response to certain of the hypotheticals posed by the ALJ, the vocational expert opined that the hypothetical individual would be unable to work. *Id.*

Where a party objects to a magistrate judge's Report and Recommendations as to a dispositive motion, the district judge must "determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Chavis v. Smith,* 834 F. Supp. 153, 154 (D. Md. 1993) (noting that the Court "need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made"). As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee notes).

In accordance with Fed. R. Civ. P. 72(b), I have reviewed the record and have made a *de novo* determination of the issues to which the Report and Recommendation relates, including the objections lodged by Mr. Matthews. I remain completely persuaded that Judge Gallagher's recommended rulings are correct and reasonable.

Mr. Matthews's records from Owensville Primary Care were expressly considered both by the ALJ (*see* ECF 12, Tr. 15-16) and by Judge Gallagher. ECF 18 at 3-4. The relevant records in the file from Owensville Primary Care do not reflect many of the medical conditions Mr. Matthews lists in his Motion for Reconsideration. *See* Tr. 330-47, 360-63, 374-76. There is one record in the file from Owensville Primary Care, dated September 11, 2012, reflecting that Mr. Matthews was reporting fatigue and night sweats. Tr. 390-91. However, that appointment significantly post-dates the ALJ's opinion of May 25, 2012, and is therefore not relevant for

consideration. Tr. 8-22. I find that the ALJ and Judge Gallagher considered the relevant medical evidence in the file before reaching their conclusions.

Mr. Matthews's other argument is that certain aspects of the vocational expert's testimony were not properly addressed. However, Judge Gallagher expressly noted that the ALJ had posed "a series of hypotheticals to the VE [*i.e.*, vocational expert] to determine whether a person with each set of hypothetical criteria would be able to find work," and that, ultimately, the ALJ determined that Mr. Matthews's Residual Functional Capacity ("RFC") assessment matched the hypothetical that the vocational expert had testified would permit certain types of work. ECF 18 at 4-5. The ALJ is afforded "great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (citing *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986)). The ALJ is free to pose as many different hypotheticals to the vocational expert as he wishes, and by doing so, is not binding himself to accept each hypothetical upon his full consideration of the entire record. Ultimately, in Mr. Matthews's case, the ALJ selected a hypothetical that matched the RFC assessment which, for the reasons addressed in Judge Gallagher's Report and Recommendations, was supported by substantial evidence.

In sum, I find that all of Judge Gallagher's proposed rulings, as reflected in her thorough and careful analysis, are correct and reasonable in every respect. Therefore, I find no reason to disturb my Order adopting Judge Gallagher's Report and Recommendations as my own opinion, and I deny Mr. Matthews's Motion for Reconsideration (ECF 22). A separate Order follows.

Dated:  June 16, 2014                         /s/
                                              Ellen Lipton Hollander
                                              United States District Judge